IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LYSHORN, et al., | |
| Plaintiffs, | No. C 12-05490 JSW |
| v. | |
| J.P.MORGAN CHASE BANK, N.A., et al., | **ORDER REGARDING MOTIONS TO DISMISS** |
| Defendants. | |

Now before the Court for consideration are the motions to dismiss filed by defendants Aurora Loan Services LLC, JPMorgan Chase Bank, N.A. ("Chase"), Ocwen Financial Corporation and Mortgage Electronic Registration Systems (collectively, "Defendants"). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court grants Defendants' motions to dismiss.

**BACKGROUND**

Plaintiffs Robert Lyshorn and Andrea Lyshorn ("Plaintiffs") purchased a property in January 2007 and obtained a mortgage for $1,872,500 from BNC Mortgage, Inc. ("BNC"). ("Compl., ¶ 38.) The Court will address additional facts as necessary in the remainder of this order.

**ANALYSIS**

**A.    Applicable Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited

to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**B. Motions to Dismiss.**

Plaintiffs' complaint fails to comply with Federal Rule of Civil Procedure 8 ("Rule 8"), which requires plaintiffs to "plead a short and plain statement of the elements of his or her claim." *Bautista v. Los Angeles County,* 216 F.3d 837, 840 (9th Cir. 2000). Rule 8 requires

each allegation to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Where the allegations in a complaint are "argumentative, prolix, replete with redundancy and largely irrelevant," the complaint is properly dismissed for failure to comply with Rule 8(a). *McHenry v. Renne,* 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996); *see also Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of complaint that was " 'verbose, confusing and almost entirely conclusory' "). "Something labeled a complaint but ... prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint," and "impose[s] unfair burdens on litigants and judges." *McHenry,* 84 F.3d at 1179-80.

A complaint that fails to comply with Rule 8 may be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry* 84 F.3d at 1179. Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper. *Id*. at 1178.

Plaintiffs' complaint is excessively long and includes irrelevant factual allegations regarding the banking industry generally, as well as improper legal argument. Plaintiffs' complaint is replete with extraneous hyperbole and long-winded accusations that are hard to follow.[1] At the same time, despite the length of the complaint, Plaintiffs fail to include the relevant, basic factual details in support of their claims.

Additionally, Plaintiffs often group all of the defendants together. For example, Plaintiffs vaguely allege that "Defendants" (without identifying which defendants) engaged in a

---

[1] For example, Plaintiffs allege that "Defendants committed a **"first type of fraud, deceit and other actionable misconduct"** to create a **"confidential relationship,"** arising from Plaintiffs' reasonable reliance upon Defendants' vastly superior financial knowledge, and then used intentional misrepresentations, false promises and guarantees of loan modification to trick Plaintiffs into a **"strategic default" trap (i.e. to stop making payments for more than 90 days)**, so Defendants would have a pretext to foreclose on the property, would be able to buy Plaintiffs' Note out of the securitization process for "pennies on the dollar," would be able to foreclose on the property and would otherwise be able to cover-up fatal "chain of title" problems created by the securitization debacle and Defendants fraud, deceit, forgery, and other misconduct, which totally deprive Defendants of standing to foreclose." (Compl., ¶ 51) (emphasis in original).

3

"securitization debacle, e.g. forged assignments by 'robo-signers,' back-dated assignments, assignments voided by the illegal use of bank allonges, etc." (*Id.*, ¶ 44.) Plaintiffs often fail to allege which defendants engaged in what activity and when, and thus, fail to provide Defendants fair notice of the claims against them. *See In re Sagent Tech., Inc.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act."); *see also Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (lumping together multiple defendants in one broad allegation fails to satisfy notice requirement of Rule 8(a)); *Corazon v. Aurora Loan Services, LLC*, 2011 WL 1740099, *4 (N.D. Cal. May 5, 2011) ( "Undifferentiated pleading against multiple defendants is improper.") (quotation marks and citation omitted).

To the extent Plaintiffs attribute conduct to one defendant, their allegations are still confusing and unclear. For example, Plaintiffs seek to bring claims based on Chase's alleged failure to modify their loan. However, they allege both that Chase offered to modify the loan and that Chase failed to offer a modification. To the extent Chase did offer a trial modification, Plaintiffs fail to allege the relevant details of this purported agreement. Plaintiffs' allegations regarding Chase's alleged conduct with respect to a loan modification are too vague and inconsistent to state any claim based on such conduct.

Moreover, Plaintiffs' legal theories are either unclear or are invalid. For example, Plaintiffs allege that "Defendants," without identifying which ones, engaged in "an illegal 'dual tracking' scheme where banks surreptitiously seek foreclosure while pretending to give the victim a chance for loan modification to save their home." (*Id.*, ¶ 47.) In support of this purported legal theory, Plaintiffs cite to a Consent Order issued by the United States Treasury Department against several banks. Based on Plaintiffs' quotations from a newspaper article regarding this Consent Order, the Consent Order appears to addresses situations where homeowners were making payments pursuant to trial loan modifications. (*Id.*, ¶ 48.) However, Plaintiffs do not allege that they participated in and made payments pursuant to a trial modification. Other than a conclusory statements that unspecified defendants engaged in "dual

4

tracking" it is not clear what specific conduct Plaintiffs are challenging under this theory and what law Plaintiffs contend such conduct violated.

To the extent Plaintiffs seek to hold any defendant liable as a fiduciary, Plaintiffs fail to allege sufficient supporting facts. Plaintiffs conclusorily allege that "Defendants" decided to act as lending brokers or loan modification brokers and, thus, owed Plaintiffs fiduciary duties. (*Id*., ¶ 62.) However, Plaintiffs do not allege any facts to support a conclusion that any of the defendants acted or otherwise represented that they were mortgage brokers, as opposed to mere lenders. Merely offering to modify the terms of a loan does not convert mortgage lender into a mortgage broker.

Plaintiffs include pages of extraneous legal argument in their complaint regarding the creation of legal duties, without stating what specific facts they contend created a duty of care to them. For example, Plaintiffs allege that banks may be liable for failing to discharge contractual duties with reasonable care, but fail to allege what specific contractual duties were not discharged by which defendants. (Compl., ¶¶ 73-74.) Plaintiffs then allege that unspecified defendants "'actively participated' in torts and other misconduct going far 'beyond the domain of a usual money lender,'" without stating what these other torts and misconduct were. (Compl., ¶¶ 75-76; *see also id*., ¶¶ 77-80.)

Plaintiffs allege in a conclusory fashion that "Defendants told Plaintiffs that they had to be in default to qualify via MHA, that no credit damage or foreclosure would result from compliance with Defendants' advice. ..." (Compl., ¶ 81.) To the extent Plaintiffs were attempting to allege misrepresentations, Plaintiffs fail to allege which Defendant made what specific statement and when. Other than purported misrepresentations, it is not clear what torts Plaintiffs were trying to plead.

Plaintiff further allege that unspecified Defendants told them that "modification was guaranteed if Plaintiffs followed all instructions and made the lowered payments. Defendants also repeatedly rejected payments from Plaintiffs on the ground that modification was under way." (*Id*.) It is not clear what to what lowered payments Plaintiffs are referring. These allegations also seem to contradict Plaintiffs' allegations that they were the ones who stopped

5

making payments in order to qualify for a loan modification. It is unclear which defendant Plaintiffs contend rejected what payments and when this occurred.

Plaintiffs also make broad allegations seeking to undermine Defendants' standing, but, again, fail to provide specific facts regarding any particular defendant. Plaintiffs also reference a purported "securitization audit of the loan," but do not explain who conducted the audit of which defendant or what the audit found. Plaintiffs allegations regarding purported defects in the "securitization process" are fatally vague and Plaintiffs' diagram does not provide any clarity.

Moreover, to the extent Plaintiffs rely on allegations regarding purported transfers made in violation of the Pooling Service Agreement ("PSA"), such as that assignments were made after the closing date of the PSA, courts have held that Plaintiffs lack standing to challenge the validity of these transfers because they are not a party to the agreement. *See Almutarreb v. Bank of New York Trust Co., N.A.*, 2012 WL 4371410, \*2 (N.D. Cal. Sept. 24, 2012) ("holding that "because Plaintiffs were not parties to the PSA, they lack standing to challenge the validity of the securitization process, including whether the loan transfer occurred outside of the temporal bounds prescribed by the PSA."); *see also Sami v. Wells Fargo Bank*, 2012 WL 967051, \*5-6 (N.D. Cal. March 21, 2012) (collecting additional cases); *Shkolnikov v. JPMorgan Chase Bank*, 2012 WL 6553988, \*13 (N.D. Cal. Dec. 14, 2012) (following "[t]he majority position ... that plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA."). The Court notes that a minority of cases have allowed claims based on such challenges to go forward, but, as stated by the court in *Almutarreb*, these opinions are not persuasive because they fail to explain how the plaintiffs had standing. *See e.g. Vogan v. Wells Fargo Bank, N.A.*, 2011 WL 5826016 (E.D. Cal. 2011); *Johnson v. HSBC Bank USA, Nat. Ass'n.*, 2012 WL 928433 (S.D. Cal. March 19, 2012).

**CONCLUSION**

For the forgoing reasons, the Court HEREBY DISMISSES Plaintiffs' complaint for failure to comply with Rule 8. The Court will provide Plaintiffs leave to amend. Plaintiffs shall

6

file their amended complaint, if any, in compliance with this Order by March 22, 2013. If Plaintiffs elect to file an amended complaint, Plaintiffs should take care to clearly and simply allege the facts in support of their complaint. Moreover, they shall attribute their alleged conduct to a specific defendant. To the extent Plaintiffs' allegations are premised on purported fraud or misrepresentations, Plaintiffs shall clearly allege what statements were made to them by whom and when. If Plaintiffs fail to file an amended complaint by March 22, 2013, or if they file an amended complaint which fails to comply with Rule 8, and with Rule 9 to the extent their complaint is premised on fraud, this action will be dismissed with prejudice under Rule 41(b).

The Court FURTHER ORDERS that the case management conference set for March 8, 2013 is VACATED and will be reset by the Court at a later date, if necessary.

**IT IS SO ORDERED.**

Dated: March 4, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE