IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT LYSHORN, et al.,

    Plaintiffs,

v.

J.P.MORGAN CHASE BANK, N.A., et al.,

    Defendants.

No. C 12-05490 JSW

**ORDER REGARDING MOTIONS TO DISMISS FIRST AMENDED COMPLAINT**

    Now before the Court for consideration are the motions to dismiss the first amended complaint ("FAC") filed by defendants Aurora Loan Services LLC, JPMorgan Chase Bank, N.A. ("Chase"), Ocwen Financial Corporation and Mortgage Electronic Registration Systems (collectively, "Defendants"). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court grants Defendants' motions to dismiss.

## BACKGROUND

    Plaintiffs Robert Lyshorn and Andrea Lyshorn ("Plaintiffs") purchased a property in January 2007 and obtained a mortgage for $1,872,500 from BNC Mortgage, Inc. ("BNC"). ("FAC, ¶ 23.)

    The Court will address additional facts as necessary in the remainder of this order.

## ANALYSIS

**A.    Applicable Legal Standard on Motion to Dismiss.**

    A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited

1 to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

In addition, when a plaintiff alleges fraud, Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") requires the plaintiff to state with particularity the circumstances constituting fraud, including the "'who, what, when, where, and how'" of the charged misconduct. *See United States ex rel Ebeid v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quoting *Vess v. Ciba Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)); *United States ex rel. Lee v. Smithkline Beacham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001) ("Complaints brought under the FCA must fulfill the requirements of Rule 9(b).") "[T]he plaintiff must set forth what is false or misleading about a statement, and why it is false." *Ebeid*, 616 F.3d at 998 (omitting internal quotations and citations).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)

2

(citation omitted).  However, documents subject to judicial notice may be considered on a motion to dismiss.  In doing so, the Court does not convert a motion to dismiss to one for summary judgment.  *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**B.     Motions to Dismiss.**

The Court already dismissed Plaintiffs' complaint for failure to comply with Federal Rule of Civil Procedure 8 ("Rule 8"), which requires plaintiffs to "plead a short and plain statement of the elements of his or her claim." *Bautista v. Los Angeles County,* 216 F.3d 837, 840 (9th Cir. 2000).  Rule 8 requires each allegation to be "simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Where the allegations in a complaint are "argumentative, prolix, replete with redundancy and largely irrelevant," the complaint is properly dismissed for failure to comply with Rule 8(a).  *See McHenry v. Renne,* 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996); *see also Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of complaint that was " 'verbose, confusing and almost entirely conclusory' ").  "Something labeled a complaint but ... prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint," and "impose[s] unfair burdens on litigants and judges." *McHenry,* 84 F.3d at 1179-80.

A complaint that fails to comply with Rule 8 may be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry* 84 F.3d at 1179.  Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper. *Id.* at 1178.

Unfortunately, Plaintiffs' FAC still does not comply with Rule 8.  Plaintiffs' allegations continue to be excessively long, but at the same time, are fatally unclear.  Plaintiffs' FAC continues to be replete with extraneous hyperbole and long-winded accusations that are hard to

3

1 follow. Although Plaintiffs omitted some of the legal argument, Plaintiffs continue to cite to
2 legal authority in their FAC.

3 Despite the length of Plaintiffs' FAC, the basic substance of their claims is still not
4 clear. For example, Plaintiffs allege that their initial loan was from BNC Mortgage, Inc
5 ("BNC"). (FAC, ¶ 23.) In support of this allegation, Plaintiffs cite to Exhibit 1, but Exhibit 1 is
6 a Substitution of Trustee from T.D. Service Company to California Reconveyance Company
7 dated August 4, 2011. (FAC, Ex. 1.) In the next paragraph, Plaintiffs allege that shortly after
8 they entered into the Deed of Trust, the ownership of the Deed of Trust was transferred by
9 Washington Mutual ("WaMu") to the BNC Mortgage Loan Trust 2007-2 (the "Trust") and that
10 this transfer occurred before Chase acquired the assets of WaMu in 2008. (FAC, ¶ 24.)
11 Plaintiffs allege that "[f]rom that point on, the ... Trust became the only true beneficiary under
12 Plaintiffs' Deed of Trust." (*Id*.) Plaintiffs do not explain how WaMu acquired the Deed of
13 Trust from BNC. Later in the FAC, Plaintiffs contradictorily allege that the parties
14 unsuccessfully tried to securitize the note to the Trust. (FAC, ¶ 28.) Plaintiffs do not allege why
15 the sale to the Trust was unsuccessful. However, if the transfer was unsuccessful, then WaMu,
16 if it ever had a beneficial interest in the Deed of Trust, would not have lost its interest.

17 Confusingly, Plaintiffs later allege that their note and Deed of Trust is listed as part of
18 the Trust and "underwent at least one of the transfers required for a valid Chain-of-Title before
19 the Closing Date of April 30, 2007." (FAC, ¶ 36). But then Plaintiffs allege that "[i]t is equally
20 clear that Plaintiffs' note and DOT were never fully securitized and transferred into the Trust."
21 (FAC, ¶ 38). Although Plaintiffs previously allege that the Trust became the only true
22 beneficiary under Plaintiffs' Deed of Trust, Plaintiff contradictorily allege that "US Bank
23 (Securitization Trustee) lacks standing to foreclose." (*Id*., ¶ 39.) Plaintiff then flips back, after
24 alleging that "the Note and Deed of Trust were never validly transferred to the Trust and/or US
25 Bank," and alleges that "sometime before the Closing Date of April 30, 2007 all interests in the
26 Note/DOT were transferred, without recourse by 'true sales' to third-parties above." (*Id*., ¶ 40.)
27 Plaintiff does not identify the "third-parties." The only parties discussed in their FAC are
28 entities that Plaintiff alleges do not have any valid interest in the Deed of Trust. Even more

4

1  confusingly, Plaintiffs later appear to allege that the recorded assignment and securitization
2  occurred after the closing date of the Pooling Service Agreement ("PSA").[1]  (FAC, ¶¶ 138-139.)
3       Plaintiffs' allegations regarding their alleged efforts to modify their mortgage are not
4  any clearer.  Plaintiffs argue that Defendants Chase, Ocwen, and California Reconveyance
5  Company owed Plaintiffs a general duty to perform loan modifications for Plaintiffs in
6  accordance with the strict guidelines established by the Making Homes Affordable ("MHA")
7  Program and that they entered into a verbal contract with BNC and Chase for BNC and Chase
8  "to help them modify their loan via the MHA Program or otherwise."  (FAC, ¶¶ 54, 66.)[2]
9  However, Plaintiffs also allege that they were not applying for a Home Affordable Modification
10 Program ("HAMP") modification, but then allege that Chase and California Reconveyance
11 Company "concealed their true intentions by offering to review Plaintiffs for a HAMP
12 modification even though their mortgage is significantly higher than the maximum loan amount
13 under HAMP."  (*Id*., ¶¶ 85, 95.)  Plaintiffs also allege that they made their required trial
14 modification payments, but also allege that they did not know that they had a trial plan.  (*Id*., ¶¶
15 71, 85.)  These are just examples and do not describe all of Plaintiffs' confusing and
16 contradictorily allegations.  Needless to say, despite the 40 pages and 155 paragraphs of
17 allegations in the FAC, the Court cannot decipher the basic facts of what Plaintiffs allege
18 happened.

---

[1] The Court previously admonished Plaintiffs that to the extent they are relying on allegations regarding purported transfers made in violation of the PSA, such as that assignments were made after the closing date of the PSA, courts have held that Plaintiffs lack standing to challenge the validity of these transfers because they are not a party to the agreement.  *See Almutarreb v. Bank of New York Trust Co., N.A.*, 2012 WL 4371410, *2 (N.D. Cal. Sept. 24, 2012) ("holding that "because Plaintiffs were not parties to the PSA, they lack standing to challenge the validity of the securitization process, including whether the loan transfer occurred outside of the temporal bounds prescribed by the PSA."); *see also Sami v. Wells Fargo Bank*, 2012 WL 967051, *5-6 (N.D. Cal. March 21, 2012) (collecting additional cases); *Shkolnikov v. JPMorgan Chase Bank*, 2012 WL 6553988, *13 (N.D. Cal. Dec. 14, 2012) (following "[t]he majority position ... that plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA.").

[2] Plaintiffs fail to allege the terms of the purported verbal contract, including who they spoke to, when, and what was agreed upon.  Plaintiffs further fail to allege what their purported "full performance" entailed.

5

1    Additionally, despite the Court's admonition, Plaintiffs continue to group several of the
2 Defendants together without specifying which Defendant allegedly engaged in what conduct.
3 Therefore, Plaintiffs still fail to provide each Defendant with fair notice of the claims against
4 them. *See In re Sagent Tech., Inc.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) ("[T]he
5 complaint fails to state a claim because plaintiffs do not indicate which individual defendant or
6 defendants were responsible for which alleged wrongful act."); *see also Gauvin v. Trombatore*,
7 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (lumping together multiple defendants in one broad
8 allegation fails to satisfy notice requirement of Rule 8(a)); *Corazon v. Aurora Loan Services,*
9 *LLC*, 2011 WL 1740099, *4 (N.D. Cal. May 5, 2011) ( "Undifferentiated pleading against
10 multiple defendants is improper.") (quotation marks and citation omitted).

11   Moreover, Plaintiffs fail to clarify the legal theories that the Court addressed in granting
12 Defendants' motions to dismiss their initial complaint. For example, Plaintiff still fail to
13 explain the basis of their claims based on a purported "'dual tracking' scheme." (FAC, ¶ 49.)
14 Plaintiffs later cite to an amendment to California Civil Code § 2924.11 in support of their dual
15 tracking allegations, but according to Plaintiffs' own allegations, this statute is inapplicable.
16 (*Id.*, ¶ 86.) California Civil Code § 2924.11 was amended to preclude the recording of a notice
17 of default "[i]f a foreclosure prevention alternative is approved in writing prior to the
18 recordation of a notice of default." Cal. Civ. Code § 2924.11(a). Plaintiffs at most allege, in a
19 conclusory fashion, a verbal agreement, not an agreement in writing.

20   In support of their dual tracking theory, Plaintiffs also continue to cite to a Consent
21 Order issued by the United States Treasury Department against several banks. Plaintiffs
22 purportedly attach support for this legal theory at Exhibit 2, but Exhibit 2 is an assignment of
23 the Deed of Trust. (FAC, ¶ 88, Ex. 2.) The Court had noted that Plaintiffs previously alleged
24 that the Consent Order appeared to address situations where homeowners were making
25 payments pursuant to trial loan modifications, but that Plaintiffs do not allege that they
26 participated in and made payments pursuant to a trial modification. In fact, Plaintiffs now
27 allege that they did not have a trial modification plan.
28

6

The Court admonished Plaintiffs that they had not alleged sufficient supporting facts to hold any defendant liable as a fiduciary. More specifically, the Court informed Plaintiffs that they failed to allege any facts to support a conclusion that any of the defendants acted or otherwise represented that they were mortgage brokers, as opposed to mere lenders. Plaintiffs have not cured this defect.[3]

Moreover, to the extent Plaintiffs accuse any of the Defendants of fraudulent conduct, their allegations are woefully inadequate to put Defendants on sufficient notice of the claims against them in accordance with Rule 9. The Court further notes that throughout the FAC, and in opposition to Chase's motion to dismiss, Plaintiffs vaguely allege that Defendants engaged in "deceitful and otherwise defective procedures that Defendants used 'behind closed door' during the securitization including, without limitation, fraud, forgery, 'robo-signing,' assignments rendered void and invalid by standard 'bank allonge' practices...." (Opp. to Chase's Mot. at 5.) Plaintiffs fail to provide the basic facts necessary to support such allegations, such as what Defendant engaged in what conduct and when.

Lastly, the Court notes that Plaintiffs argue about facts in their opposition briefs that are not contained in their FAC. For example, in opposition to the motion to dismiss by Aurora Loan Services ("Aurora"), Plaintiffs argue that Aurora "failed to count on-time borrower payments and then assessed late fees." (Opp. to Aurora's Mot. at 2.) Plaintiffs do not allege such facts anywhere in their lengthy FAC.[4] The only facts the Court will consider upon motions to dismiss are those that are alleged in a complaint or are facts of which the Court may take judicial notice.

**CONCLUSION**

---

[3] To the extent Plaintiffs allege that Defendants "advertised and solicited to serve as 'middlemen' to help Plaintiffs acquire loan modification" from the federal government, such allegation does not make any sense because Plaintiffs do not allege that the federal government loaned Plaintiffs any money. (FAC, ¶ 55.)

[4] The Court is further confused by Plaintiffs' argument regarding tender. Plaintiffs argue that tender is not required when a foreclosure sale is invalid. However, Plaintiffs do not allege that a foreclosure sale has occurred.

7

For the forgoing reasons, the Court HEREBY DISMISSES Plaintiffs' FAC for failure to comply with Rule 8. The Court will provide Plaintiffs with one final opportunity amend their allegations to comply with Rule 8. If Plaintiffs elect to file a second amended complaint, the Court admonishes Plaintiffs to *carefully consider and review* their allegations to ensure that the amended complaint provides the basic facts to support their claims in a clear and concise manner and that they provide *each* Defendant with sufficient notice of the claims against them. Moreover, Plaintiffs are admonished that they may only plead contradictory facts in the alternative when they are legitimately in doubt about the facts in question. *See American Int'l. Adjustment Co. v. Galvin*, 86 F.3d 1455, 1461 (7th Cir. 1996); *see also Violet Blue v. Johnson*, 2008 WL 941959, at *7 (N.D. Cal. April 7, 2008). Plaintiffs shall allege sufficient facts to support any contradictory allegations. To the extent Plaintiffs' allegations are premised on purported fraud or misrepresentations, Plaintiffs shall *clearly allege what statements were made to them by whom and when*.

Plaintiffs shall file their amended complaint, if any, in compliance with this Order by no later than July 1, 2013. If Plaintiffs fail to file an amended complaint by July 1, 2013, or if they file an amended complaint which fails to comply with Rule 8, and with Rule 9 to the extent their complaint is premised on fraud, *this action will be dismissed with prejudice* under Rule 41(b).

**IT IS SO ORDERED.**

Dated: June 11, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE