IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LYSHORN, et al., | |
| Plaintiffs, | No. C 12-05490 JSW |
| v. | |
| J.P.MORGAN CHASE BANK, N.A., et al., | **ORDER REGARDING MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| Defendants. | |

Now before the Court for consideration is the motion to dismiss the second amended complaint ("SAC") filed by defendant J.P. Morgan Chase Bank, N.A. ("Chase"). The Court finds this motion is suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the Court VACATES the hearing scheduled for November 8, 2013. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court grants Chase's motion to dismiss.[1]

**BACKGROUND**

Plaintiffs Robert Lyshorn and Andrea Lyshorn ("Plaintiffs") purchased the property at 1432 Audubon Street in Montara, California 94037 (the "Property") in January 2007 and obtained a mortgage for $1,872,500 from BNC Mortgage, Inc. ("BNC"). ("SAC, ¶¶ 9-10.) Shortly thereafter, Chase acquired the loan and/or acquired the rights to service the loan. (*Id.*, ¶ 11.)

---

[1] The Court HEREBY GRANTS Chase's request for judicial notice. *See* Fed. R. Evid. 201.

1    Beginning in August of 2009, Plaintiffs had difficulty making their monthly mortgage
2 payments and began to make payments every six weeks. (*Id*., ¶ 13.) Needing assistance,
3 Plaintiffs contacted Chase to determine what options were available to them regarding their
4 mortgage payments. (*Id*., ¶ 14.) An authorized Chase representative told Andrea Lyshorn that
5 "in order to be considered for, and obtain, a permanent loan modification, Plaintiffs had to be at
6 least four months behind in their monthly payments." (*Id*., ¶ 15.) At that time, Plaintiffs had
7 not yet missed four payments. "The Chase representative directed Plaintiffs to stop making
8 their monthly payments in order to fall behind by the requisite four months in order to qualify
9 for the loan modification process and obtain a permanent loan modification." (*Id*.)

10   Chase representatives asked Plaintiffs to submit documentation in support of their
11 modification application numerous times. (*Id*., ¶¶ 16, 18, 20, 22, 25, 26, 27, 29, 32, 36, 37, 38,
12 40.) Plaintiffs provided the requested documents to Chase. (*Id*., ¶¶ 17, 19, 21, 28, 30, 31, 35,
13 39.) On January 21, 2011, Plaintiffs received a letter from Chase denying Plaintiffs a loan
14 modification through the Home Affordable Modification Program ("HAMP") because they did
15 not provide all of the requested documents. (*Id*., ¶ 23.)

16   On August 5, 2011, Plaintiffs received a notice of default and an assignment of a deed of
17 trust from California Reconveyance Company. (*Id*., ¶ 33.) On December 6, 2011, Plaintiffs
18 received a letter from Chase stating that they were denied a loan modification because they had
19 not submitted the required documents in time. (*Id*., ¶ 41.) On December 19, 2011, Plaintiffs
20 received a letter from Chase entitled "Foreclosure Alternatives" stating that their loan
21 modification had been denied. (*Id*., ¶ 42.) On March 12, 2012, Chase informed Plaintiffs that
22 the servicing of their loan had been transferred to Ocwen Financial Corporation. (*Id*., ¶ 43.)
23 Based upon these allegations, Plaintiffs bring claims for fraud, negligent misrepresentation,
24 intentional infliction of emotional distress ("IIED"), and violation of California Business and
25 Professions Code section 17200 ("Section 17200").

26   Under their fraud claim, Plaintiffs allege that Chase representatives falsely represented
27 to Plaintiffs that Chase repeatedly required the same documentation for the modification
28 process. (*Id*., ¶ 53.) According to Plaintiffs, Chase never intended to modify their loan and

2

instead created a scheme whereby Chase repeatedly required additional documentation in order to be considered for a loan modification. (*Id*., ¶ 56.) Chase knew that Plaintiffs' original principal loan balance exceeded the maximum amount for a permanent modification under HAMP, but still attempted to modify Plaintiffs' loan under HAMP. (*Id*., ¶ 59.) Chase's misrepresentations were designed to create an insurmountable default to enable defendants to wrongfully foreclose on the Property and strip Plaintiffs of any equity they had accumulated. (*Id*., ¶ 60.)   In support of their claim for negligent misrepresentation, Plaintiffs allege that Chase's representatives may have honestly believed that their representations were true, but that Chase had no reasonable grounds for believing their representations were true when they made them. (*Id*., ¶ 67.) Plaintiffs incorporate this allegation into their IIED claim. (*Id*., ¶ 75.) Plaintiffs allege that Chase's "conduct in causing Plaintiffs to continually re-submit their financial documents under the guise of modifying their loan without any intention of actually doing any modification was outrageous." (*Id*., ¶ 76.)

The Court will address additional facts as necessary in the remainder of this order.

## ANALYSIS

### A.     Applicable Legal Standard on Motion to Dismiss.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

In addition, when a plaintiff alleges fraud, Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") requires the plaintiff to state with particularity the circumstances constituting fraud, including the "'who, what, when, where, and how'" of the charged misconduct. *See United States ex rel Ebeid v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quoting *Vess v. Ciba Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)); *United States ex rel. Lee v. Smithkline Beacham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001) ("Complaints brought under the FCA must fulfill the requirements of Rule 9(b).") "[T]he plaintiff must set forth what is false or misleading about a statement, and why it is false." *Ebeid*, 616 F.3d at 998 (omitting internal quotations and citations).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**B.    Chase's Motion to Dismiss.**

    **1.    Plaintiffs' Fraud and Misrepresentation Claims.**

In order to state a claim for fraud, Plaintiffs must allege facts showing that the Chase: (1) made a misrepresentation to Plaintiffs; (2) Chase knew the representation was false; (3) Chase intended to induce Plaintiffs to rely on the misrepresentation; (4) Plaintiffs justifiably

4

1  relied on the misrepresentation; and (5) damages.  *Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85,
2  93 (2001) (citing *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996)).  "The same elements
3  comprise a cause of action for negligent misrepresentation, except there is no requirement of
4  intent to induce reliance."  *Caldo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004).

5        To the extent Plaintiffs' claims are premised on an omission, as opposed to an
6  affirmative misrepresentation, Plaintiffs must allege "(1) the defendant failed to disclose a
7  material fact which he knew or believed to be true; and (2) the defendant had a duty to disclose
8  that fact. ... The duty to disclose arises when ...: (1) the material fact is known to (or accessible
9  only to) the defendant; and (2) the defendant knows the plaintiff is unaware of the fact and
10  cannot reasonably discover the undisclosed fact."  *San Diego Hospice v. County of San Diego*,
11  31 Cal. App. 4th 1048, 1055 (1995) (internal citations omitted); *see also Falk v. General
12  Motors Corp.*, 496 F. Supp. 2d 1088, 1094-95 (N.D. Cal. 2007) (failure to disclose or
13  concealment can constitute actionable fraud ...: when the defendant had exclusive knowledge of
14  material facts not known to the plaintiff; ... when the defendant actively conceals a material fact
15  from the plaintiff...) (quoting *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997)).

16        Plaintiffs' fraud and negligent misrepresentation claims are both subject to the
17  heightened pleading requirements under Rule 9(b).  *See Neilson v. Union Bank of California,
18  N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit
19  that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity
20  requirements."); *see also Glen Holly Entertainment, Inc. v. Tektronix, Inc.,* 100 F. Supp. 2d
21  1086, 1093 (C.D. Cal. 1999) ("Claims for fraud and negligent misrepresentation must meet the
22  heightened pleading requirements of Rule 9(b)").

23        Pursuant to Rule 9(b), Plaintiffs must allege with particularity the circumstances
24  constituting fraud.  *See Greebel v. FTP Software, Inc.*, 194 F.3d 185, 193 (9th Cir. 1999); Fed.
25  R. Civ. P. 9(b).  However, the particularity requirements of Rule 9(b) must be read in harmony
26  with the requirement to make out a "short and plain" statement of the claim.  Fed. R. Civ. P.
27  8(a)(2).  Thus, the particularity requirement is satisfied if the complaint "identifies the
28  circumstances constituting fraud so that a defendant can prepare an adequate answer from the

5

allegations." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *see also Vess*, 317 F.3d at 1106 ("Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.") (internal quotation marks and citations omitted). Accordingly, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1107 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

      Here, Plaintiffs have not alleged any specific misrepresentations with sufficient particularity. In opposition to the motion to dismiss, Plaintiffs argue that their allegations demonstrate a pattern of purposeful delay. Chase never intended to provide Plaintiffs with a loan modification. However, in order to increase the fees owed and the number of months Plaintiffs were behind on their mortgage payments, Chase continued to delay providing a definitive answer to whether Plaintiffs qualified for a loan modification. Chase's goal was making the amount in default too large for Plaintiffs to pay off. (Opp. at 9.) However, these allegations are not in Plaintiffs' complaint. Moreover, such facts, even if they had been alleged, do not support a theory of affirmative misrepresentation, but rather fraud by omission – that Chase had no intention of providing a loan modification and knew that Plaintiffs did not qualify for one. Plaintiffs have not alleged sufficient facts to show that Chase had a duty to disclose this fact.

      Moreover, Plaintiffs have not yet alleged sufficient facts to show detrimental reliance and that they incurred damages as a result of any affirmative statement or omission by Chase. Notably, Plaintiffs allege that, before they contacted Chase regarding a potential loan modification, they had difficulty making their monthly mortgage payments and began to make payments every six weeks. (SAC, ¶ 13.) Plaintiffs do not allege that if Chase had told them from the beginning that they did not qualify for a loan modification, Plaintiffs would have been able to make their mortgage payments every month and would have been able to cure the amount they were already in default. In other words, Plaintiffs do not allege that they went into

an "insurmountable default" because they stopped making payments at Chase's direction while trying to apply for a loan modification *and not because they couldn't afford their mortgage*.

The Court will provide Plaintiffs with an opportunity to cure these pleading defects.

### 2. Plaintiffs' IIED Claim.

The elements of a claim for intentional infliction of emotional distress are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct...." *Christensen v. Superior Court of California*, 54 Cal. 3d 868, 903 (1991) (internal quotations and citations omitted). "Outrageous conduct," is conduct that is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.*

Plaintiffs have not yet alleged facts sufficient to show that Chase engaged in extreme and outrageous conduct by the defendant with the intention, or reckless disregard of the probability, of causing emotional distress. However, if Plaintiffs amend their complaint to include the facts discussed above regarding the purported scheme to delay informing Plaintiffs that they did not qualify for a loan modification, Plaintiffs may be able to cure this defect.

Additionally, Plaintiffs fail to allege specific facts describing the allegedly severe emotional distress that they have suffered. Plaintiffs only allege in a conclusory fashion that they "suffered severe emotional distress." (SAC, ¶ 79.) Such conclusory allegations are insufficient. *See Steel v. City of San Diego*, 726 F. Supp. 2d 1172, 1191-1192 (S.D. Cal. 2010) (conclusory allegation that the plaintiff suffered "severe and extreme mental and emotional distress" as a result of the defendants's conduct was insufficient); *see also Harvey G. Ottowitz Revocable Living Trust Date May 12, 2006 v. Washington Mutual, Inc.*, 2010 WL 3769459, at *6 (N.D. Cal. Sept. 22, 2010) (finding the plaintiffs' complaint was insufficient under *Iqbal* and *Twombly* because the complaint lacked specific facts describing the severe emotional distress suffered); *Baidoobonso-Iam v. Bank of America (Home Loans)*, 2011 WL 3103165, * 3 (C.D. Cal. July 25, 2011) (finding conclusory allegations that plaintiffs "suffered ... extreme

7

emotional and mental suffering and distress" were insufficient to state a claim for infliction of emotional distress).

Finally, the Court notes that Plaintiffs incorporate their earlier allegations into their IIED claim, including their allegation regarding the lack of any bad intent by Chase's representatives. This appears to be a drafting error. If Plaintiffs elect to amend their complaint, Plaintiffs shall take care to correct any drafting errors.

Therefore, the Court finds that Plaintiffs failed to allege facts sufficient to state a claim for intentional infliction of emotional distress. However, the Court will provide Plaintiffs with leave to amend.

### 3. Plaintiffs' Section 17200 Claim.

Plaintiffs' claim under Section 17200 fails for the same reasons Plaintiffs' other claims are deficient. Plaintiffs have not yet alleged sufficient facts to show that Chase engaged in fraudulent or unfair conduct. Moreover, as discussed above, Plaintiffs have not yet alleged facts sufficient to show that they suffered damages as a result of Chase's conduct. However, as with Plaintiffs' other claims, the Court will provide Plaintiffs with leave to amend.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Chase's motion to dismiss. Although the Court is providing Plaintiffs with leave to amend, the Court admonishes Plaintiffs that this will be their **final** opportunity to plead facts sufficient to state their claims. Plaintiffs shall file their amended complaint, if any, in compliance with this Order by no later than November 15, 2013. If Plaintiffs fail to file an amended complaint by November 15, 2013, **this action will be dismissed with prejudice.**

**IT IS SO ORDERED.**

Dated: November 1, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

8